UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1218

XO COMMUNICATIONS, INCORPORATED,

Plaintiff - Appellant,

versus

METROPCS, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, District Judge.  (CA-04-845)

Argued:  May 22, 2006                    Decided:  June 20, 2006

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.  Judge Duncan wrote a separate concurring opinion.

John Alexander Fraser, III, Clifton, Virginia, for Appellant. Charles Lee Perry, ANDREWS & KURTH, L.L.P., Dallas, Texas, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

XO Communications, Inc. appeals the summary judgment entered in favor of MetroPCS, Inc. We affirm.[1]

The material facts are not in dispute, and we need only briefly recite them in this opinion. XO is a telecommunications carrier. MetroPCS provides wireless telephone service in the Miami, Florida, area. After negotiations, XO and MetroPCS entered into two separate (but identical) one-year contracts for "Dedicated IntraLATA DS-3 Voice Service for Calls Originating and Terminating Within LATA 460 (Miami, Florida)." J.A. 1286. Generally, under these contracts, MetroPCS' customers used MetroPCS equipment to make telephone calls which MetroPCS then routed to XO's network for completion. XO provided this service to MetroPCS and billed MetroPCS periodically.

The parties' dispute involves approximately $350,000 that XO contends MetroPCS owes as a result of XO's delivery of MetroPCS calls to BellSouth for completion. BellSouth assessed XO for this amount. MetroPCS refused to pay XO, contending that it is not liable because the contracts unambiguously provide that it was only obligated to pay XO a flat monthly rate of $11,200 (per contract). MetroPCS specifically relies on the addendum to the contracts, which sets the "rates" for the specified service as being a monthly

---

[1]We review de novo an award of summary judgment. <u>Chawla v. Transamerica Occidental Life Ins. Co.</u>, 440 F.3d 639, 644 (4th Cir. 2006).

recurring charge of $11,200 with no non-recurring charge.  J.A. 1286.

On cross-motions for summary judgment, the district court analyzed the various provisions of the contracts, found XO's proposed reading of the contracts to be untenable, and concluded that MetroPCS is not liable for the BellSouth charges under the unambiguous terms of the contracts.  See J.A. 1273 ("It is the Court's view, . . . without reference to anything other than the contract documents, . . . that it is unambiguous, and that the addendum makes clear that the only charge is [$]11,200. . . . It's not conceivable to the Court that this contract is unambiguous the other way.").  Alternatively, the district court held that if XO's proposed reading of the contracts is plausible, then the contracts are, at best, ambiguous.  Continuing this line of reasoning, the district court stated that in the event of such an ambiguity, the parol evidence establishes as a matter of law that the parties intended for MetroPCS to pay only a monthly flat rate of $11,200 per contract.  See J.A. 1276 ("[E]ven assuming that there was some plausibility to the plaintiff's argument on the construction of the addendum, . . . that would render the contract ambiguous and, therefore, resort to parol evidence would be appropriate. . . .

3

There is no evidence contradicting what Mr. Ibanez told Mr. Madsen in their negotiation of the contract.").[2]

On appeal, XO reiterates its contention that the contracts unambiguously require MetroPCS to pay the BellSouth charges. At oral argument, XO's counsel readily conceded that unless we conclude that the contracts are unambiguous in XO's favor on this point, then MetroPCS must prevail in this litigation. In making this concession, XO's counsel specifically agreed that if resort to parol evidence is necessary because of an ambiguity in the contracts, then MetroPCS must prevail.

Having carefully considered the parties' arguments, we agree with the district court that the contracts do not unambiguously support XO's position. Instead, we believe that the contracts are, at best, ambiguous concerning MetroPCS' payment obligation. Given this ambiguity, and in light of XO's concession and our review of the record, we conclude that the undisputed parol evidence establishes as a matter of law that MetroPCS was only obligated to pay a monthly flat rate of $11,200 per contract and, therefore, is not liable for the BellSouth charges. Accordingly, we affirm the summary judgment.

AFFIRMED

---

[2]Ibanez, the XO Vice-President who negotiated the contracts with MetroPCS, admitted during discovery that he had represented that MetroPCS would not incur any usage charges under the contracts.

4

DUNCAN, Circuit Judge, concurring:

I write separately to explain the basis of my agreement with the majority.

I believe that the term "rate" in the Addendum is a term of art used within the telecommunications industry to denote charges imposed by a particular carrier. As such, a "rate" would not include taxes, fees, or the BellSouth transit charges at issue. Interpreting "rate" as specific to a carrier would also harmonize the agreement before us. So interpreted, the term as used in the Addendum could be read consistently with the provisions allowing for the pass through of third party fees such as taxes and other carrier's charges instead of overruling them.

Although my interpretation is a plausible, and, I think, more compelling one, unfortunately for XO it is not the only one that can be drawn from this agreement. The agreement appears to use the terms "rates" and "fees" interchangeably; in fact, the multiple references to components of a customer's costs make it difficult to tell what one's rate comprises.

As the drafter of the agreement, XO was in a position to define the term "rate," or otherwise make its meaning clear. Its failure to do so creates an ambiguity that renders resort to parol evidence appropriate.